CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 22 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSE L. FRANCE-BEY, | ) |
| | ) Civil Action No. 7:18CV00252 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) Hon. Glen E. Conrad |
| JUSTIN TODD HAGA, | ) Senior United States District Judge |
| Carroll County Sheriff Department | ) |
| Deputy, et al., | ) |
| | ) |
| Defendants. | ) |

Plaintiff Jose L. France-Bey, proceeding pro se, filed this civil action against Carroll County Deputy Sheriff Justin Todd Haga, as well as business owners Posey Clayton Jones and Jason Lester. This matter is currently before the court on plaintiff's motion for leave to proceed in forma pauperis. Although the court grants the motion, for the following reasons, the court concludes that the complaint must be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B).

## Background

The plaintiff's complaint alleges that, on June 2, 2015, his car began having trouble while he was driving through Cana, Virginia. He stopped the car in front of Cana Motors and went in search of assistance. When France-Bey returned to his car, he spoke with Jones, the owner of Cana Motors. Jones warned France-Bey to stay away from the car and then called the Carroll County Sheriff's Department to report a theft. France-Bey was arrested and charged with grand larceny. Deputy Sheriff Haga appears to have been the arresting officer. According to France-Bey, on June 3, 2015, officers searched his car pursuant to a search warrant. He claims that the

officers did not find any of Jones' property in the car and that the Sheriff's Department should have released him and his car. Instead, he remained in jail, and the Sheriff's Department called Lester of Lester's Towing to pick up France-Bey's car. France-Bey then contacted Lester, who explained that he had taken items from the car, such as the stereo system, clothes, shoes, and tools, and thrown them into his dumpster. France-Bey was eventually convicted of the lesser charge of petit larceny on July 24, 2015, and sentenced to 12 months imprisonment with 11 months suspended.\*

On June 6, 2018, France-Bey filed a complaint under 42 U.S.C. § 1983 alleging "unlawful arrest." Compl. 7, Dkt. No. 2. The complaint identifies Haga, Jones, and Lester as defendants and seeks an award of $4,000,000.00 in damages. France-Bey is currently incarcerated in a North Carolina state correctional institution.

## Standards of Review

Section 1915A(b)(1) of the Prison Litigation Reform Act provides that the court shall dismiss "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" "as soon as practicable" if the court determines that it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Additionally, under § 1915(e), which governs in forma pauperis proceedings, federal courts have a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston Cty., 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

---

\* The court takes judicial notice of France-Bey's conviction in state court for petit larceny. (Case No. GC15009576-00). While the court liberally construes the plaintiff's pro se complaint and considers the factual allegations in the light most favorable to the plaintiff, the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted).

2

The standard of review for dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is the same as the standard of review for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Although a pro se plaintiff's pleadings are liberally construed, the complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

## Discussion

When it is clear from the face of a § 1983 complaint that the plaintiff's claim is barred by the applicable statute of limitations, the court may summarily dismiss the complaint without prejudice as legally frivolous. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 956 (4th Cir. 1995) (en banc). A § 1983 claim based on events that occurred in Virginia is subject to Virginia's statute of limitations for general personal injury claims, see Owens v. Okure, 488 U.S. 235, 239-40 (1989), which requires an action to be brought within two years of its accrual, Va. Code Ann. § 8.01-243(A). A claim for false arrest or false imprisonment under § 1983 accrues when the plaintiff's false imprisonment comes to an end, meaning that the plaintiff becomes subject to legal process. Wallace v. Kato, 549 U.S. 384, 389 (2007). Other claims under § 1983, such as a claim for wrongful deprivation of property, accrue when the plaintiff knows enough about the harm done to him to bring his lawsuit. Nasim, 64 F.3d 951 at 955; Dougherty v. Virginia, No. 7:14CV00066, 2014 WL 3549003, at *2 (W.D. Va. July 17, 2014), aff'd, 585 F. App'x 115 (4th Cir. 2014).

Here, it is clear from the face of the complaint that plaintiff's claims are barred by the applicable statute of limitations. As to his claim for unlawful arrest, the statute of limitations

3

accrued by at least July 24, 2015. On that date, the criminal case that began with plaintiff's June 2, 2015 arrest was finalized in the Carroll County General District Court. Plaintiff was found guilty of petit larceny and sentenced to a term of imprisonment. Accordingly, by at least July 24, 2015, the plaintiff was subject to legal process. To the extent the complaint also alleges unlawful seizure or wrongful deprivation of property, the court finds that such a claim accrued in June 2015 when France-Bey's car was towed and he learned that Lester had disposed of certain property taken from inside the car. Because France-Bey did not file this § 1983 action until June 6, 2018, over two years after the accrual of the statute of limitations, the complaint is time-barred under Va. Code Ann. § 8.01-243(A), and must be summarily dismissed under § 1915A(b)(1) without prejudice as legally frivolous. See Dougherty, 2014 WL 3549003, at *2.

Even if the court were to consider the allegations in the plaintiff's complaint, dismissal would be appropriate because the complaint fails to state a claim for relief against any of the three defendants. Section 1983 requires a plaintiff to establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).

In this case, the plaintiff has not alleged any facts indicating that Jones engaged in anything other than private conduct. "[M]erely complaining to the police," as Jones did, "does not convert a private party into a state actor" for purposes of liability under § 1983. Collins v. Womancare, Inc., 878 F.2d 1145, 1155 (9th Cir. 1989). The plaintiff has not identified any

4

circumstantial evidence that would suggest that Jones "possessed and exerted influence over the . . . police, and conspired with them to have [the plaintiff] arrested." Wagenmann v. Adams, 829 F.2d 196, 211 (1st Cir. 1987). Accordingly, Jones is not a state actor for purposes of France-Bey's complaint, and the complaint must be dismissed as to Jones for failure to state a claim upon which relief may be granted.

As to Lester, the complaint arguably states that Lester acted under color of state law when Lester's Towing picked up the car because the Carroll County Sheriff's Department directed the towing. Everette v. White, No. 4:14-CV-34-FL, 2015 WL 847194, at *4 (E.D.N.C. Jan. 16, 2015), report and recommendation adopted, No. 4:14-CV-34-FL, 2015 WL 846748 (E.D.N.C. Feb. 26, 2015) (citing Huemmer v. Mayor and City Council of Ocean City, 632 F.2d 371, 372 (4th Cir. 1980)). The complaint alleges that the police should have released the car from impoundment following the search of the car instead of contacting Lester to tow it away. This conclusory assertion does not establish a deprivation of constitutional rights. Moreover, the "precise nature of [p]laintiff's claim" appears to be an unlawful arrest. See id. To the extent plaintiff challenges Lester's conduct at all, plaintiff appears to be concerned with the discarding of the property found inside the car. The complaint does not allege any facts to indicate that Lester acted in concert with or obtained aid from state officials in discarding the items from the vehicle. See id. The sparse and unclear allegations against Lester cannot support a § 1983 claim against him.

Although Haga is clearly a state actor for purposes of this case, the complaint does not mention Haga at any point in the statement of the claim, referring to Haga only once to identify him as a defendant. Nor does the complaint allege any facts indicating that the arrest and detention of France-Bey was conducted without probable cause. France-Bey's conviction for

5

petit larceny, while not grand larceny as originally charged, tends to suggest that Haga had reasonable grounds to believe that France-Bey had committed a crime. Thus, the complaint does not support a § 1983 claim against Haga for false arrest or imprisonment. See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974) (ruling that § 1983 does not support a cause of action against an officer for false arrest unless the officer lacked probable cause in making the arrest). To the extent France-Bey seeks relief against Haga based on the search of the car, it is clear from the face of the complaint that the search was conducted with probable cause as the complaint states that the officers conducted the search in accordance with a search warrant.

Accordingly, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1) as legally frivolous, and alternatively, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**Conclusion**

For the reasons stated, the court grants the plaintiff's motion for leave to proceed in forma pauperis and dismisses the complaint without prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 22d day of June, 2018.

/s/ Jimi Conrad
Senior United States District Judge